JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
CIVIL MINUTES -- GENERAL

Case No.     ED CV 09-0559-SGL(JTLx)                                            Date:  April 13, 2009

Title:     VEADA BENJAMIN, ET AL -v- CARRINGTON MORTGAGE SERVICES, ET AL
==================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

         Cindy Sasse                                None Present
         Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                None present

PROCEEDINGS:     ORDER SUMMARILY REMANDING THE MATTER TO STATE COURT


      Defendants Carrington Mortgage Services and Wells Fargo Bank have removed the present action to this Federal District Court, asserting that Plaintiff Benjamin is claiming federal causes of action which would grant this Court subject matter jurisdiction to hear the case.  (Notice of Removal at 2).  For the following reasons, this Court finds that it lacks subject matter jurisdiction to hear the present action and thereby SUMMARILY REMANDS this matter to state court.

      "Federal Courts are courts of limited jurisdiction." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008).  In order for a federal court to hear a claim it must be one that either invokes the Court's diversity or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.  Even if a plaintiff does not challenge this Court's jurisdiction to hear a matter, "federal courts are under an independent obligation to examine their own jurisdiction[.]" FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).  To establish federal question jurisdiction, as the Defendants contend Plaintiff is attempting to do in the present case, there must be an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The question in the present case then, is whether Plaintiff has actually asserted a claim arising under federal law.

      Defendants point to paragraph 8A of Plaintiff's complaint as asserting a federal question. In that paragraph, Plaintiff states that he needs certain requested information to determine whether his loan "originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Act, HEOPA and

other laws."  This is the only place where Plaintiff mentions any federal law.  Paragraph 8-A could conceivably allow Plaintiff to add or supplement additional causes of action to the form complaint somewhere down the road.  Despite the opportunity for Plaintiff to use paragraph 8-A to prospectively elaborate or allege further causes of action, where Plaintiff fails to articulate an alleged violation of law or any injury, there can be no cause of action that this Court can hear.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 590 (1992) ("Article III of the Constitution confines the federal courts to adjudication of actual 'Cases' and 'Controversies.' To ensure the presence of a 'case' or 'controversy,' this Court has held that Article III requires, as an irreducible minimum, that a plaintiff allege (1) an injury that is (2) 'fairly traceable to the defendant's allegedly unlawful conduct' and that is (3) 'likely to be redressed by the requested relief.'")(quoting Allen v. Wright, 468 U.S. 737, 751 (1984)).  In the present case, the mere speculation that a transaction might not have been conducted in conformity with a federal law is insufficient to state any injury or even any violation of federal law.  Therefore, Plaintiff's statement on the 8A form is insufficient to state a cause of action that arises under federal law.

       Additionally, the Ninth Circuit has held that more than a mere reference to a federal cause of action on the face of a plaintiff's complaint is necessary to state a federal cause of action.  Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir. 1996) ("The direct and indirect references to Title VII in those two state law causes of action do not make those claims into federal causes of action").  In the present case, all that Plaintiff has done is made a passing reference to general federal laws without specifying which, if any, have been violated.  Accordingly, this Court lacks subject matter jurisdiction to hear this matter at this time and therefore, this matter is **SUMMARILY REMANDED** to state court.

Defendants Carrington Mortgage Services and Wells Fargo Bank have removed the present action to this Federal District Court, asserting that Plaintiff Benjamin is claiming federal causes of action which would grant this Court subject matter jurisdiction to hear the case. (Notice of Removal at 2). For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction to hear the present action and thereby **DISMISSES THIS MATTER WITH LEAVE TO AMEND.**

"Federal Courts are courts of limited jurisdiction." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008). In order for a federal court to hear a claim it must be one that either invokes the Court's diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Even if Plaintiffs do not challenge this Court's jurisdiction to hear this matter, "federal courts are under an independent obligation to examine their own jurisdiction[.]" FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990). To establish federal question jurisdiction, as the Defendants are attempting to do in the present case, there must be an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The question in the present case then, is whether Plaintiff has actually asserted a question arising under federal law.

Defendant points to section 8A of Plaintiff's complaint as the basis for this Court's jurisdiction, where Plaintiff queries "[w]as [the loan] originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Act, HEOPA and other laws[?]" This is the only place where Plaintiff mentions any federal law. Statement 8-A allows plaintiffs to add or supplement additional causes of action to their form complaints. Despite the purpose of Statement 8-A allowing a plaintiff to elaborate or allege further causes of action, where a plaintiff fails to articulate an alleged violation of law or any injury, there can be no cause of action that this Court can hear. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 590 (1992) ("Article III of the Constitution confines the federal courts to adjudication of actual 'Cases' and 'Controversies.' To ensure the presence of a 'case' or 'controversy,' this Court has held that Article III requires, as an irreducible minimum, that a plaintiff allege (1) an injury that is (2) 'fairly traceable to the defendant's allegedly unlawful conduct' and that is (3) 'likely to be redressed by the requested relief.'")(quoting Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984)). **In the present case, the mere speculation that a transaction might not have been conducted in conformity with a federal law is insufficient to state any injury or even any violation of federal law. Therefore, Plaintiff's statement on his 8A form is insufficient to state a cause of action that arises under federal law.**

**Additionally, the Ninth Circuit has held that more than a mere reference to a federal cause of action on the face of a plaintiff's complaint is necessary to state a federal cause of action.** Rains v. Criterion Systems, Inc.**, 80 F.3d 339, 344 (9th Cir. 1996) ("The direct and indirect references to Title VII in those two state law causes of action do not make those claims into federal causes of action"). In the present case, all that Plaintiff has done is made a passing reference to general federal laws without specifying which ones have been violated. Thus Plaintiff has not sufficiently stated a federal cause of action. Accordingly,**

this Court lacks subject matter jurisdiction to hear this matter.

If Plaintiff wishes to amend the complaint so as to grant this Court jurisdiction, the allegations must be amended to "contain a short and plain statement of the ground for the court's jurisdiction." See Fed. R. Civ. Pro. 8(a)(1).  Moreover, this Court's local rules similarly require that in providing the grounds for jurisdiction, the complaint must state the "statutory basis" for the same.  Again, in the present complaint there are no allegations of the basis for this Court's jurisdiction to hear the case, be it diversity jurisdiction pursuant to 28 U.S.C. § 1332, or federal question jurisdiction pursuant to 28 U.S.C. § 1331.  If plaintiffs wish to invoke the Court's federal question jurisdiction, plaintiffs need to assert this in the complaint, and may wish to specify the particular statute, treaty or section of the Constitution that provides for such jurisdiction.  2 James Wm. Moore, Moore's Federal Practice § 8.03[4][b] at 8-13 (3rd ed. 2008).  If plaintiffs wish to invoke the Court's diversity jurisdiction, plaintiffs must allege an amount in controversy in excess of $75,000 exclusive of costs and interest, as well as the citizenship for each party to the action.  2 James Wm. Moore, Moore's Federal Practice § 8.03[5][a] at 8-15 (3rd ed. 2008).

Given that plaintiffs' complaint does not allege a basis for jurisdiction, the Court hereby DISMISSES the complaint, but with LEAVE TO AMEND.  Plaintiff shall file an amended complaint within (10) days from the date of this Order that contains allegations setting forth the basis upon which this Court has jurisdiction to hear the claims.  Failure to submit an amended complaint within the time allotted will result in the dismissal of the case with prejudice for failure to prosecute.

IT IS SO ORDERED.

ED CV 09-0559-SGL(JTLx)
VEADA BENJAMIN, ET AL v CARRINGTON MORTGAGE SERVICES, ET AL
MINUTE ORDER of April 13, 2009